**UNITED STATES of America, ex rel. Kenneth E. SUMMIT, Plaintiff,**

v.

**MICHAEL BAKER CORP.**

**and**

**Baker Support Services, Inc.**

**and**

**Call Henry, Inc., Defendants.**

**Civil Action No. 98–965–A.**

United States District Court, E.D. Virginia.

March 2, 1999.

James Stephen DelSordo, Manassas, VA, for Kenneth E. Summit.

Kip Schwartz, Holland & Knight, Washington, DC, Dorn Charles McGrath, III, Reed Smith Shaw & McClay LLP, Washington, DC, for Michael Baker Corp., Baker Support Services, Inc.

William Crawford Crenshaw, Powell, Goldstein, Frazer & Murphy, Washington, DC, for Call Henry, Inc.

Gerard J. Mene, U.S. Attorney's Office, Alexandria, VA, for United States of America.

## MEMORANDUM OPINION

HILTON, Chief Judge.

This action comes before the Court on the Government's motion for reallocation of settlement proceeds and on the Government's motion to dismiss Counts I–III of the relator's Complaint.

This is a qui tam action by the relator Kenneth Summit. Mr. Summit brought Counts I–III of this action under the False Claims Act, 31 U.S.C. § 3729, and Count IV on a private claim of retaliation under § 3730(h). Summit based the False Claims Act charges on his belief that the defendants procured a government contract through fraudulent measures.

The Government held an investigation and told the relator that the Unites States would not proceed with this action, but rather the relator could bring this qui tam action on his own pursuant to 31 U.S.C. § 3730(b). The relator then filed this action in this Court. During the course of discovery, the relator and the defendants held several settlement discussions. During these discussions, the relator was given documentation suggesting that the Government does not have a viable claim against the defendants related to the False Claims Act. Thereafter, the relator decided that he did not have a cause of action based upon the False Claims Act, and the parties decided to settle the additional claim and voluntarily dismiss the entire action.

The notice for voluntary dismissal came before this Court on November 20, 1998 on a motion for dismissal pursuant to Fed. R.Civ.P. 41(a). The Government objected to this motion claiming to be the real party in interest to the qui tam action. This Court ruled in favor of the Government, finding that the Government was the real party in interest pursuant to 31 U.S.C. § 3730(b), and that the qui tam action may only be dismissed where the Government has given written consent to the dismissal. Whereas the Government opposed the voluntary dismissal, the relator's motion was denied.

On January 8, 1999, the defendant Call Henry, Inc. moved this Court to dismiss the defendant from this action alleging a lack of personal jurisdiction. The relator, Kenneth Summit, and the defendants, Michael Baker Corp. and Baker Support Services, Inc., did not oppose the motion. The Government intervened and opposed Defendant Call Henry's motion to dismiss based on the contention that the issue of venue should be dealt with prior to ruling on defendant's motion to dismiss. This Court found the Government's contention to be proper, and denied the defendant Call Henry's motion. Thereafter, this case has remained on the Court's docket without further action by the parties and without any venue motion by any party, including the Government.

On February 5, 1999, the relator, Kenneth Summit, and the defendants filed a stipulation of dismissal informing the

Court of their intention to dismiss Count IV of the Complaint as it relates to the private retaliation claim. The parties contend they have settled the action solely as to the retaliation claim such that Relator was given his one year salary plus interest, minus his yearly withholdings that were given to the Treasury Department per regulation of the IRS; and his attorney's fees. Relator and defendants filed this stipulated order dismissing Count IV of the action based on this settlement award.

The Government now comes forward opposing the settlement award and wants its share of the settlement proceeds.

The Government argues that the settlement agreement is not limited to Count IV of the action. Because the relator has agreed in the settlement to not pursue any action arising out of "the same operative facts raised in" this civil action, the Government contends that the terms of the settlement relate to the entire case, including the False Claims Act claims, and not solely the retaliation claim. If the Government's contention that the relator's settlement is for the entire action is correct, then under 31 U.S.C. § 3730(d)(2), "the person . . . settling the claim shall receive an amount . . . not less than 25 percent and not more than 30 percent of the proceeds of the . . . settlement. . . ." In a qui tam action, the Government, although not having proceeded with a False Claims Act action, still receives an amount up to 75% of the proceeds from any settlement pursuant to the False Claims Act.

The Government states that the settlement amounts between the relator and the defendants are "proceeds" of the entire action, thus under the False Claims Act statute, must be shared with the Government. The Government alleges that the only purpose of the settlement agreement (entitled "Employment Severance Agreement") is to avoid paying the Government's statutory share of 70%–75% of the proceeds. Thus, the Government argues that the settlement proceeds should be reallocated to provide for their statutory share.

The Government relies on a Fifth Circuit case to uphold their contention. In *Searcy v. Philips Electronics North America Corp.*, the Fifth Circuit held that the Government reserves the power to withhold voluntary settlements for False Claims Act claims. 117 F.3d 154, 157–58 (5th Cir.1997). The Court interpreted 31 U.S.C. § 3730(b)(1) which states: "The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting;" and found that the language of the statute sanctions an absolute veto power over voluntary settlements in False Claims Act qui tam suits. *Id.* at 158. The Fifth Circuit determined that the danger of granting the relator the power to decide settlements in a qui tam case is that the case may present a relator who manipulates the settlements in ways that unfairly enrich them and reduce the benefits of the Government. *Id.* at 160.

The Fifth Circuit's decision in *Searcy*, was based on a relator's attempt to settle the qui tam action for all counts, including the False Claims Act counts and the employees' private counts for retaliation. The Government objected to the settlement because the settlement released the defendants from "all claims and counterclaims asserted in any pleading or other filing in this action, or which could have been asserted by the parties in this action. . . ." The Government attempted to convince the defendants to accept release only from claims actually stated in the final complaint, however was unsuccessful. Thereafter, the Government objected to the entire settlement on the basis that the settlement agreements promise that the United States would not make further claims against the defendants. The Court found in favor of the Government and allowed them to veto the agreement. The facts of the case before this Court can be distinguished from the Fifth Circuit's case in *Searcy*.

The statutory language in § 3730(b)(1) is clear on its face where it states that a False Claims Act qui tam action may not be dismissed without the Government's consent. 31 U.S.C. § 3130(b)(1). This Court followed Congress' clear intentions of qui tam actions when it ruled in favor of the Government's opposition in the motion pursuant to Fed.R.Civ.P. 41(a) requesting the Court to grant the parties' voluntary dismissal. Again, the Court considered the Government's intervening opposition motion when it denied Defendant Call Henry's motion to dismiss even though the Government continued to defer this action to the relator. Now before this Court is the stipulation of dismissal only as to Count IV, the relator's private action, the Government's motion to reallocate the proceeds from the settlement from Count IV and the Government's motion to dismiss Counts I–III of the action due to the staleness of the action.

The relator Kenneth Summit has tried to dismiss himself from the action, however, was prevented from doing so by the Government. He has represented to this Court that he will not proceed with the False Claims Act action due to the lack of merit for the claims. The Government has refused to intervene and proceed with the action, leaving this case to sit and do nothing on this Courts docket. The Government has tied the relator's hands behind his back, not allowing him to settle the claims or to dismiss the claims, yet refusing to proceed with the claims on its own. As a result, nothing has occurred until this time where the Government has finally moved to dismiss Counts I–III of the action. There has been no objection by any of the other parties against the motion, and the Government's motion to dismiss should be granted.

What this Court must now decide is whether a qui tam relator may settle their private causes of action in a qui tam suit, leaving the False Claims Act Counts active in the Court's file, without the consent of the Government. This Court finds that he may. There is no relevant precedent in this Circuit, and very few circuits have touched on this issue. Other circuits have, however, held that an individual may still recover for his personal whistle blower retaliation claim even if the underlying qui tam case is unsuccessful or not ever even filed. *See Childree v. UAP/GA AG CHEM, Inc.,* 92 F.3d 1140, 1146 (11th Cir.1996); *Neal v. Honeywell, Inc.,* 33 F.3d 860, 864–65 (7th Cir.1994).

A retaliatory discharge is a private right of action under 31 U.S.C. 3730(h), which states that:

> Any person who is discharged .... [from] employment ... because of the lawful acts done by the employee on behalf of the employee ... including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under [the False Claims Act], shall be entitled to all relief necessary to make the employee whole. Such relief shall include ... 2 times the amount of back pay, interest on the back pay and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorney's fees. 31 U.S.C. 3730(h).

Relator, Kenneth Summit moved to dismiss Count IV of the complaint for his private right of action due to the settlement agreement reached by the relator and the defendants. Relator received in the settlement agreement an Employment Severance Agreement for one years salary due for the year that he was out of work, plus interest, minus the wage withholdings required by IRS regulation, plus his attorney's fees. Although there is a general release of claims in the settlement agreement, the relator has already shown to the Court that he will not proceed with the action regardless of the general release due to the lack of any cause of action for the False Claims Act counts. This release of claims, however, does not effect the False Claims Act claim for the Government, whereas pursuant to 31 U.S.C.

§ 3730(c)(3), the Government is welcome to intervene and proceed with this action. The Government instead has chosen to move to dismiss these Counts, further demonstrating to this Court the merits on relator's argument that Counts I–III are meritless.

If this Court were to grant Government's motion to dismiss Counts I–III, but deny the relator's settlement agreement as to Count IV, the only action that would be remaining on this Court's docket would be the private right of action under 31 U.S.C. § 3731(h). Under Count IV, the Government would not have right to any amounts that were awarded to the relator, as it becomes solely a private suit by the relator against the defendants. The Seventh Circuit held in *Neal*, that where the Government has pursued an investigation against an employer, regardless of whether an action is filed, an individual may bring suit pursuant to 31 U.S.C. § 3730(h) for lost wages and other relief appropriate to wrongful discharge. 33 F.3d at 865. The Court reasoned that "[d]amages under § 3730(h) compensate an employee for harm caused by the harassment and discharge; they are not a substitute for the recovery an employee could have had in a qui tam suit." *Id.*

The relator and the defendants have settled this case only on the relator's Count IV pursuant to § 3730(h) of his claims. If it were not for the Government's motion to dismiss Counts I–III, the False Claims Act Counts would still be active, and the Government would be allowed to intervene and proceed with the action. The Government has unilaterally dismissed all the False Claims Act Counts against the defendants, and left solely the private right of action. This Court is inclined to follow the language of the statute under § 3730(h), and the Seventh and Eleventh Circuits and find that the private action of the relator is separate and apart from the False Claims Act counts. As such, the relator does not need permission from the Government to settle the private actions, as long as the Court finds that the settlement is not being used to disguise awards and misappropriate the amounts away from what the Government is duly owed under the False Claims Act. *See Searcy*, 117 F.3d at 160.

In the present case, the relator has demonstrated that the settlement proceeds are solely for the recovery of lost wages and other relief appropriate to the wrongful discharge pursuant to 31 U.S.C. § 3730(h). The Government has not convinced this Court that the there were viable claims against the defendants to amount to the settlement agreement being misallocated from the False Claims Act action. Therefore, this Court does not find that the Government has shown that they are obliged to any share of the settlement. The amounts that were agreed to under the terms of the settlement were solely for Count IV of the claim, which is a private right of action, and not due to the Government under the statute.